LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ANNASARA G. PURCELL (CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CY R. BROWN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 2:15-cv-00880<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 Defendant Uber Technologies, Inc. ("Uber" or "Defendant") removes this action from the Superior Court of the State of California for the County of Los Angeles, and in support of this removal states as follows:

**Procedural History and Notice Timing**

1. On January 6, 2015, Plaintiff Cy R. Brown filed this proposed class action in the Superior Court of the State of California for Los Angeles County. *See* Ex. A (Complaint). Plaintiff claims violation of California's Unfair Competition Law, Cal. Bus, & Prof. Code §§ 17200 *et seq*., breach of contract, breach of good

faith and fair dealing, unjust enrichment and restitution, accounting, conversion, fraudulent concealment, and constructive trust.

2. On January 7, 2015, Uber was served with a copy of Plaintiff's Complaint. *See* Ex. B (Service of Process Transmittal Form).

3. This notice of removal is timely filed because it is within 30 days of service and within the time period provide in 28 U.S.C. § 1446(b).

4. Los Angeles County, where the action is currently pending, is located within the United States District Court for the Central District of California.

5. No previous notice of removal has been filed in this case.

## Jurisdiction

6. This Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (1) the citizenship of at least one proposed class member is different than that of Uber; (2) the amount in controversy, aggregated for all class members, exceeds $5 million, exclusive of interests and costs; and (3) the proposed class consists of at least 100 members.

7. Sufficient diversity of citizenship is present, as the citizenship of at least one proposed class members is different than that of Uber. Plaintiff's Complaint alleges that Mr. Brown resides in Phoenix, Arizona. *See* Complaint ¶ 7. Uber is a Delaware corporation with its principle place of business in San Francisco, California. *Id.* ¶ 8.

8. Plaintiff alleges that "the prospective class numbers in the tens of thousands." Complaint ¶ 42. Therefore the proposed class is greater than 100 members and satisfies the minimum set forth in § 1332(d).

9. The amount in controversy exceeds $5 million. Plaintiff seeks four types of relief in his Complaint: a return of fees paid by users, punitive damages, attorneys' fees, and injunctive relief. *See* Complaint ¶¶ 54, 79. For purposes of CAFA jurisdiction, each of these types of relief is properly included in the Court's

determination of the amount in controversy.  *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract."); *Otay Hydraulics v. Safety-Kleen Systems, Inc.*, No. 2:12-07357-OWD, 2013 WL 1898573 (C.D. Cal. May 6, 2013) ("If a defendant's cost of complying with an injunction would exceed the jurisdictional floor, that compliance cost represents the amount in controversy for jurisdiction purposes.").  In the aggregate, this relief exceeds the $5 million CAFA threshold.

10. Plaintiff challenges Uber's alleged practice of charging riders a "LAX Airport Fee" of $4 per trip to Los Angeles International Airport, and seeks the return of all such fees paid.  The amount of the LAX surcharge collected to date exceeds $1.5 million.  Plaintiff also prays for punitive damages, and alleges that the class is entitled to such damages under California Civil Code §§ 3294 *et seq*. Complaint ¶ 79.  Although there is no fixed formula for calculating punitive damages under Civil Code § 3294, the Supreme Court has indicated that a multiplier of up to 4-to-1 and potentially up to 9-to-1 may pass constitutional muster.  *See, e.g., State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (punitive damage in excess of single digit multiplier from compensatory damages may violate due process).  Plaintiff also seeks attorneys' fees as authorized by statute in connection with claims under the Unfair Competition Law.  *Id.* ¶ 54.  For purposes of determining CAFA jurisdiction, courts in the Ninth Circuit assume that a request for attorney fees adds an additional 25% of any potential recovery to the amount in controversy.  *Rodriguez v. Clean Source, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304 (S.D. Cal. 2014) (collecting cases).  Collectively, actual damages and/or restitution, potential punitive damages and potential attorney fees exceed $5,000,000.  Finally, Plaintiff seeks injunctive relief prohibiting Uber from continuing to collect any LAX airport fee.  Based on current usage, this

request for relief puts at issue over $1 million in charges per year for the indefinite future, thereby rendering the amount in controversy still further beyond CAFA's $5 million threshold.

### Notice and Service

11.  A notice of this removal together with a copy of this Notice, shall be filed with the Superior Court of the State of California for the County of Los Angeles, and shall be served on opposing counsel.

Dated: February 6, 2015　　　　　FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
　　Laurence F. Pulgram
　　Tyler G. Newby
　　Annasara G. Purcell
　　Attorneys for Defendant